**Upon the Petition of George E. HILL, Jr., Appellant,**

**and Concerning**

**Donna M. HILL, Appellee.**

No. 2–57523.

Supreme Court of Iowa.

Nov. 17, 1976.

Martin, Blackstock & Affeldt, Cedar Rapids, for appellant.

Simmons, Perrine, Albright & Ellwood by Tom Riley, Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of the financial portions of a marriage dissolution decree. Eliminating consideration of fault, the decision is controlled by *Schantz v. Schantz*, 163 N.W.2d 398 (Iowa).

The parties argue a number of matters which the trial court weighed, but we conclude that with one exception a detailed statement by us is unnecessary. The exception relates to the method of "discounting" the value of parcels of real estate and contracts for the sale of real estate which the court awarded to the husband.

The husband is a realtor and in addition to selling real estate for others on commission, he buys real estate, he trades it, and he holds or sells it for himself. At time of trial, he owned several parcels of real estate and several contracts for the sale of other real estate. In its division of the parties' assets, the trial court awarded these real estate parcels and contracts to the husband

and in so doing discounted by 10% the equity in the realty and discounted by 15% the difference between the unpaid balances on the contracts and the underlying encumbrances on the real estate sold on the contracts. The court placed in the balance the discounted value of the realty and contracts thus obtained against the value of other property and cash awarded to the wife.

The husband objects that in discounting the realty and contracts, the court should have applied the 10% against the entire value of the realty and should have applied the 15% against the entire unpaid balances on the contracts.

We think that if the court had been winding up a commercial partnership in this proceeding, then the husband might have a valid point. Under those circumstances, the aim would be to ascertain as closely as possible the market value of the assets on cash sales. This would also be true here, in effect, if the court had decided to liquidate all the assets; the realty and contracts would probably bring on the market a net figure closer to the husband's computation.

But a marriage is not a commercial partnership and the court did not liquidate the assets. These marriage partners contributed their efforts for some 25 years and, materially, the realty and contracts are the principal assets they have to show for their endeavors. The decree reveals that the trial court tried to settle the parties' financial matters in such way that the husband would not have to liquidate the realty and contracts but could work out his affairs in the most profitable manner. Following that course, the court evidently believed that to grant the wife her property at full value and to grant the husband his property discounted as though it were to be placed on the block would give the husband a financial advantage and place him ahead of the wife in the division. At that, the court did grant the husband some discount.

Consideration of other equities in the case makes us unwilling to say the court was wrong in its approach. The wife received no periodic alimony. The husband has substantial earning capacity and also receives a government pension of $198 monthly. The wife earns only $2.25 per hour in a floral shop and will have to live on a considerably more conservative scale than the husband. The court did not try to divide the assets precisely; it stated it did not intend to accomplish "an exact mathematical division."

We have examined the terms of the decree in light of the evidence and the Schantz principles and conclude that the trial court reached an equitable result—at least from the husband's standpoint. *In re Marriage of Locke*, 246 N.W.2d 246 (Iowa).

By holding as we do in this case, we do not mean to say that the husband's approach to the discount method would or would not be appropriate under other circumstances.

AFFIRMED.